MEMORANDUM**
Corporate Business Solutions (CBS) appeals the district court’s order denying a motion to compel arbitration. We have jurisdiction under 9 U.S.C. § 16, and we affirm.
*739 “We review the denial of a motion to compel arbitration de novo. Underlying factual findings are reviewed for clear error, while the interpretation and meaning of contract provisions are reviewed de novo.” Nguyen v. Barnes & Noble Inc., 763 F.3d 1171, 1175 (9th Cir. 2014) (internal quotations and citations omitted). CBS primarily argues that the district court misapplied the doctrine of “fraud in the inception” to invalidate the agreement containing the arbitration provision. We disagree.
In California, a contract is void—and any arbitration provision therein is unenforceable—if the party resisting arbitration can “show that the fraud went to the inception or execution of the agreement, so that the promisor did not voluntarily assent to any part of the purported contract of which the arbitration clause is a part.” Rice v. Dean Witter Reynolds, Inc., 235 Cal.App.3d 1016, 1023, 1 Cal.Rptr.2d 265 (1991), overruled on another ground by Rosenthal v. Great W. Fin. Secs. Corp., 14 Cal.4th 394, 58 Cal.Rptr.2d 875, 926 P.2d 1061 (1996). Fraud in the inception may exist even if both parties had “ample opportunity to read the [contract] in [its] entirety,” because the party drafting the terms and conditions of a contract may do so “in such a way as not to apprise” the other party of its intentions. Duick v. Toyota Motor Sales, U.S.A., Inc., 198 Cal.App.4th 1316, 1323, 131 Cal.Rptr.3d 514 (2011).
Assuming that the allegations in the complaint are true, as we must do at this stage of the litigation, “a reasonable reader in [DKS, Inc.’s (DKS) ] position would not have known that [it] was signing up to be the target of’ CBS’s alleged scheme. Id. at 1319, 131 Cal.Rptr.3d 514. That alleged scheme included but was not limited to: funneling funds from DKS to CBS; forging financial documents to secure additional funding that could be funneled to DKS’s projects to pay the hourly bills run up by CBS employees; securing additional loans to pay those hourly bills; destroying DKS’s relationship with clients and creditors; and fraudulently representing to DKS’s payroll company that a CBS employee had been hired as an executive and subsequently receiving paychecks for that phantom position. Nothing in the boilerplate contract signed by the parties could have put DKS on reasonable notice that it was subjecting itself to such activity; therefore, the contract was void at its inception. In sum, the complaint contains over thirty paragraphs of specific actions that CBS employees undertook to enrich their business at DKS’s expense. If true, these acts substantiate DKS’s claim that there was never a meeting of the minds despite both parties having signed the contract.[1]
AFFIRMED.[2]

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. The specificity of these pleadings mitigates against CBS’s concerns that this ruling could open the door to artful pleadings by plaintiffs to avoid arbitration. Additionally, district courts regularly scrutinize complaints to ensure allegations are sufficiently plausible to give rise to a reasonable inference that plaintiffs are entitled to relief, thereby preventing plaintiffs from making bare allegations of "fraud in the inception” to escape motions to compel arbitration. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

. Because we find that the contract was void at its inception, we need not address whether DKS's claims fall within the arbitration provision’s scope.